OPINION
Defendant-appellant, Matthew D. Jenkins, appeals the decision of the Butler County Court of Common Pleas adjudicating him to be a sexual predator.
On October 9, 1997, appellant pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third degree felony; one count of attempted dissemination of matter harmful to juveniles in violation of R.C. 2907.31(A)(1) and2923.02(A), a first degree misdemeanor; and importuning in violation of R.C. 2907.07(A), a first degree misdemeanor. Appellant's offenses occurred on June 29-30, 1997 and involved displaying to a ten-year-old boy materials which were obscene or harmful to a juvenile, soliciting the boy to engage in sexual activity, and having sexual contact with the boy. The trial court accepted appellant's guilty pleas and ordered that a presentence investigation ("PSI") be conducted. A sentencing hearing was scheduled for November 13, 1997 but was continued until December 18, 1997 so that appellant could be evaluated by the Butler County Center for Forensic Psychiatry.
The sentencing hearing was held on December 18, 1997, at which appellant was accordingly sentenced. A sexual predator hearing was also held, pursuant to R.C. 2950.09(A). The state presented James Armbruster, the adult probation officer who prepared the PSI report, as a witness. The state also placed in evidence the PSI report and a psychiatric report prepared by Dr. Bobbie G. Hopes, Ph.D., evaluating appellant. Appellant objected to the introduction of the psychiatric report on hearsay and bias grounds and requested a continuance to subpoena Dr. Hopes for cross-examination. The trial court overruled appellant's objection and denied the motion for a continuance, finding that appellant had sufficient time before the hearing to subpoena Dr. Hopes.
The trial court found by clear and convincing evidence that appellant was a sexual predator. The trial court noted that appellant had committed numerous sexual offenses as a juvenile with victims as young as five years old. An evaluation in 1994 by Catholic Social Services concluded that appellant was not appropriate for out-patient treatment and that he posed a high risk of recidivism. Appellant's participation in sexual offender treatment programs had proven unsuccessful. The trial court noted that the psychiatric report "puts him in a high risk category to commit future sex offenses[, but the] Court could find that even without the forensic [psychiatric report], find sufficient evidence." Appellant appeals, raising a single assignment of error:
 THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADMITTED CERTAIN DOCUMENTS INTO EVIDENCE AT THE SEXUAL PREDATOR HEARING WITHOUT GRANTING A CONTINUANCE OF THE HEARING.
In his sole assignment of error, appellant contends that the trial court erred when it admitted Dr. Hopes' psychiatric report over appellant's hearsay and bias objections. Appellant argues that the report should not have been admitted without a continuance being granted so that appellant could subpoena Dr. Hopes for cross-examination.
A trial court's decision denying a party's motion for a continuance will not be reversed absent an abuse of discretion.State v. Moore (1998), 81 Ohio St.3d 22, 28. "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The Ohio Rules of Evidence do not necessarily apply to sexual predator hearings. As noted by the Supreme Court of Ohio:
 Evid.R. 101(C)[1] excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings.
* * *
 A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
State v. Cook (1998), 83 Ohio St.3d 404, 425, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122. Although the Rules of Evidence are not strictly applicable to sexual predator determination hearings, a defendant may still challenge the admission of a presentence investigation report or other evidence on the ground that the specific report or testimony is patently unreliable on non-hearsay grounds. See id. at 426.
In the instant case, appellant contends that Dr. Hopes was biased in her evaluation of appellant because she "did not like sex offenders." We must first note that appellant provided no evidence or affidavits supporting this contention. Appellant's counsel stated to the court that appellant had told him that Dr. Hopes made the statement during the evaluation. Based solely upon this unsupported assertion, he sought a continuance to subpoena Dr. Hopes for cross-examination.
The trial court denied the motion for a continuance, finding that appellant had ample prior opportunity to subpoena Dr. Hopes. The hearing was scheduled more than one month in advance. Appellant was given the PSI report and Dr. Hopes' evaluation at least one week prior to the hearing. The trial court correctly pointed out that appellant had sufficient time in which to subpoena Dr. Hopes and secure her presence. The trial court felt that it was not acceptable to wait until the hearing before seeking to subpoena a witness and thus attempt to delay the proceedings. We agree. Appellant had sufficient time in which to subpoena Dr. Hopes, and he may not benefit from his failure to act.
The trial court did not abuse its discretion in overruling appellant's objection to the psychiatric evaluation and motion for continuance. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Evid.R. 101(C) provides:
 Exceptions. These rules (other than with respect to privileges) do not apply in the following situations:
 (3) Miscellaneous criminal proceedings. Proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; proceedings with respect to community control sanctions; issuance of warrants for arrest; criminal summonses and search warrants; and proceedings with respect to release on bail or otherwise.